982 So.2d 423 (2007)
Willie C. JOHNSON, Appellant
v.
Brandy N. THOMAS, A Minor, By And Through Her Next Friend, John POLATSIDIS, Appellee.
No. 2006-CA-01210-COA.
Court of Appeals of Mississippi.
August 28, 2007.
Rehearing Denied December 11, 2007.
*424 Roberta Lynn Haughton, West Point, attorney for appellant.
J. Niles McNeel, Louisville, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
IRVING, J., for the Court.
¶ 1. Willie C. Johnson filed a complaint against Brandy N. Thomas, a minor, through Thomas's next friend, John Polatsidis,[1] alleging that he suffered personal injuries and damages as a result of Thomas's negligent operation of a motor vehicle. Prior to the expiration of the 120-day serving period, Johnson filed a motion for an extension of time to serve process, which was granted by the Winston County Circuit Court. As such, Johnson was given an additional 120 days to serve process. Again, prior to the expiration of the extended 120-day period, Johnson filed a second motion for an extension of time to serve process, which the trial court also granted. However, the trial court dismissed the complaint with prejudice after the court learned that Thomas had filed a motion to dismiss shortly after Johnson was granted the first extension. Aggrieved, Johnson appeals and asserts the following issues:
I. Whether John Polatsidis and Brandy N. Thomas were parties to this action.
II. Whether this Court lacked jurisdiction to enter an order dismissing this action on behalf of Polatsidis and Thomas.
II. Whether settlement talk with attorney for Thomas and Polatsidis was relevant information that should *425 have been disclosed to the Court in the Plaintiff's motion for additional time to serve process upon them.
IV. Whether the Appellant was required to show good cause for additional time to serve process on Thomas and Polatsidis.
¶ 2. Finding error, we reverse.

FACTS
¶ 3. On July 18, 2005, Johnson filed a complaint against Thomas and Polatsidis alleging that he suffered personal injuries when a vehicle driven by Thomas collided with a vehicle in which he was a passenger. On November 10, 2005, Johnson filed a motion for an extension of time to serve process on Thomas and Polatsidis. The trial court granted Johnson's request and gave him an additional 120 days to perfect service. On November 22, 2005, unaware of the extension, Thomas filed a motion to dismiss Johnson's complaint for lack of service. On March 16, 2006, Johnson filed a second motion for an extension of time to serve process. Again, the court granted Johnson's request. On March 27, 2006, Thomas filed a motion to set aside the court's second order which had granted Johnson an additional 120 days to serve process.
¶ 4. On May 15, 2006, the circuit court held a hearing on Thomas's motion to set aside the court's second order. At the hearing, Thomas's attorney argued that he did not realize that the court had granted Johnson an extension when he filed his motion to dismiss. To support his argument, Thomas's attorney stated that he checked the court file prior to filing the motion, and the order granting the extension had not yet been filed. Sometime thereafter he saw that an extension had been granted. He also stated that he spoke with Johnson's attorney by telephone on at least two occasions and that because of these discussions and the filing of his motion to dismiss on November 22, 2005, Johnson's attorney had a duty to inform the court of his presence in the case at the time of the second request for an extension.
¶ 5. Johnson's attorney responded that she was under the impression that the court was aware of Thomas's attorney's involvement in the case because the motion to dismiss had been filed and was a part of the court record. However, the judge stated that he was not aware that the motion had been filed, and that it was Johnson's attorney's responsibility to inform him that the motion had been filed. As such, the judge concluded that he had granted the extension without full knowledge. Therefore, he set aside his second order granting Johnson additional time to perfect service and dismissed the complaint with prejudice.
¶ 6. The trial judge then allowed Johnson's attorney to make a good cause argument as to why she should be given additional time to serve process. Johnson's attorney argued that Thomas's attorney abandoned his motion to dismiss by failing to send a copy to the judge. Johnson's attorney also argued that Thomas was not a party at the time the motion to dismiss was filed because process had not been served. Finally, Johnson's attorney argued that she had been unable to perfect service on Thomas and Polatsidis because her investigator had been out of the office. The trial judge ruled that Johnson's attorney failed to show good cause for failing to serve Thomas and refused to grant any additional time for her to serve process.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. Although Johnson lists four issues, we choose not to specifically address them, as they are subsumed in the ultimate question *426 of whether the trial judge abused his discretion in setting aside his second order granting Johnson additional time to serve process and in dismissing Johnson's case with prejudice.
¶ 8. We will begin our discussion with the first order granting Johnson additional time to serve process. We note that Thomas's attorney did not inform the trial court of his outstanding motion until after the second extension had been granted in March 2006, four months after his motion had been filed. In Burcham v. Estate of Burcham, 303 So.2d 476, 480 (Miss.1974), the Mississippi Supreme Court held that a "movant may not allow [a] motion to lie dormant but must bring it to the attention of the trial court and seek a hearing upon it." Thomas's attorney allowed the motion to lie dormant for four months and only sought a hearing after Johnson's second motion had been granted.
¶ 9. Nevertheless, we look at the motion to dismiss to determine what additional information, if any, may have caused or required the trial judge to deny Johnson's request. Our review of the motion finds that it simply states: (1) that neither Thomas nor Polatsidis have been served with process, (2) that both are residents of Winston County, Mississippi, and (3) that both have resided in Winston County "prior to and during the inception of this civil action."
¶ 10. In the motion, Thomas argues that, "[r]easonable diligence would have located either [Thomas] and/or [Polatsidis] for service." Although Thomas may be correct, we find that the issue of whether Johnson used reasonable diligence is irrelevant. Rule 6(b)(1) of the Mississippi Rules of Civil Procedure provides:
When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order.
(emphasis added). Therefore, it was within the trial judge's discretion to grant Johnson's request without Johnson having to show good cause, since Johnson's initial request for an extension was filed before the expiration of 120 days.
¶ 11. We now move to Johnson's second request for an extension. Thomas makes a similar argument in her motion to set aside the order granting Johnson's second request:
The reasons listed in the Order of March 15, 2006, for the purpose of granting additional time are not good cause since the Defendant has been readily available for eight months in Winston County for service of process and there is no allegation that any attempt has been made to serve said Defendant.
We point out again that Rule 6(b)(1) of the Mississippi Rules of Civil Procedure requires that cause, not good cause, be shown before a trial judge is authorized to grant a request for additional time after a previous request has already been granted.
¶ 12. In her motion, Johnson's attorney stated that she was still in the process of conducting an investigation to determine the identity of Thomas's next friend or parent. Johnson's attorney also stated that the investigator who usually conducts these investigations was out on sick leave. Finally, Johnson's attorney stated that she was not "absolutely certain" as to Thomas's whereabouts. The trial judge determined that the reasons presented by Johnson constituted sufficient cause to allow *427 him to grant Johnson's second motion to extend the time to perfect service upon Thomas.
¶ 13. Thomas also argues in her motion to set aside the second order that "[n]either Defendant nor her counsel were given [sic] any notice of a Motion for Extension of Time prior to the entry of the Order." However, we find that a request for an extension of time to file qualifies as a matter which may be heard ex parte. Rule 5(a) of the Mississippi Rules of Civil Procedure provides in part:
Service: When Required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal and similar paper shall be served upon each of the parties.
(emphasis added).
¶ 14. A fair reading of Rule 6(b)(1) makes our finding the only logical conclusion. Rule 6(b)(1) provides that the trial judge can grant a request "with or without motion or notice." Clearly the rule is referring to the attorney who is representing the opposing side in the case, and who is not present when the motion is made. Any other conclusion would be nonsensical. Therefore, based on the language of Rule 6(b)(1), a motion for an extension of time to serve process is a motion which may be heard ex parte. As such, Johnson's failure to serve Thomas's attorney with a copy of the motion for an extension was not a dereliction sufficient to justify setting aside the extension.
¶ 15. At the hearing on Thomas's motion to set aside the court's second order, the judge stated the following:
And I am going to set aside the order granting additional time because, you know, intentional, or unintentional, I'm of the opinion  I mean plaintiff's counsel has indicated she thought I already was aware of the motion that had been filed by the defense, but I was not.
And I  because I was not aware of that, I granted this motion without having all the information before me. And I should have known that. I believe it was plaintiff's counsel's responsibility to notify the Court that there was somebody else involved in this case already. So I am going to set aside the order granting additional time.
We find nothing in the motion to dismiss which would have provided the judge with any additional information, other than the fact that the motion existed. Thus, in light of the fact that the judge found sufficient cause to rule in Johnson's favor on two occasions, we find that it was arbitrary and capricious for the judge to void his order granting the second extension. Accordingly, we reverse and remand this case to the trial court with instructions to allow Johnson an extension of time to perfect service of process upon Thomas, provided that the extension may be limited to the number of days remaining on the second extension before it was voided.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE, *428 ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] Polatsidis is Thomas's step-father and the owner of the vehicle which was involved in the accident. The original compliant incorrectly named Polatsidis as Thomas's natural father. The complaint was later amended to substitute Thomas's natural mother as a defendant in the lawsuit.